**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARTIN FRIDDLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 06-0058-WS-C** |
| | ) | |
| **HUNTER'S EDGE, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 10). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 14, 19, 21), and the motion is ripe for resolution. After carefully considering these submissions and all other relevant materials in the file, the Court concludes that the motion to remand is due to be granted.

**BACKGROUND**

The plaintiff filed suit in the Circuit Court of Clarke County, naming as defendants Hunter's Edge, Inc. ("Hunter's Edge"), Wal-Mart Stores, Inc. ("Wal-Mart"), Kim Hogue and James Chaney. Hunter's Edge was served with process on December 31, 2005, (Doc. 10, Exhibit C), but the state clerk of court nevertheless noted on the case action summary that service was accomplished on January 3, 2006. (Doc. 14, Exhibit 1). The notice of removal was filed on January 31, 2006, alleging that Hogue and Chaney were fraudulently joined and that diversity jurisdiction otherwise exists. The instant motion followed on February 28, 2006.

**DISCUSSION**

The plaintiff argues that removal was untimely and that defendant Chaney was not fraudulently joined.[1] As discussed below, the first argument is dispositive.

---

[1]The plaintiff admits that defendant Hogue was fraudulently joined for purposes of determining diversity jurisdiction. (Doc. 21 at 2).

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b).  The thirtieth day after December 31, 2005 was Monday, January 30, 2006 — the day before the notice of removal was filed.  On this much, the parties agree.[2]

The defendants offer a welter of reasons why this awkward state of affairs is not fatal to removal, none of which withstands scrutiny.[3]  First, they argue that the "official date for service upon Hunter's Edge is January 3, 2003 [sic] as recorded in the Clark [sic] County Circuit Court." (Doc. 14 at 1).  The date of service for purposes of Section 1446(b), however, is not the date a state court employee assigns but the actual date of service.[4]  In particular, Section 1446(b) "requires that a notice of removal be filed within 30 days of service, not within 30 days of the date upon which the clerk of courts records that service was made."  *Washington v. Jefferson Township Local School District School Board*, 2005 WL 2277419 at *2 (S.D. Ohio 2005)   Here,

---

[2]The parties also agree, at least by their silence, that the timeliness of removal does not depend on when Wal-Mart, Hogue and Chaney were served.

[3]Preliminarily, and in an apparent effort to suggest that remand based on the 30-day period of Section 1446(b) is uncommon if not disfavored, the defendants report that "[t]his District has applied this rule for untimely filing of notice of removal in only one case."  (Doc. 14 at 2 n.1).  In fact, at least seven judges in this district — including the undersigned — have remanded cases on this basis.  *See Cartee v. Precise Cable Construction, Inc*., 2005 WL 2893951 (S.D. Ala. 2005)(Cassady, M. J.); *Curtis v. Geo Centers, Inc*., Civ. No. 05-0202-CB-M (Doc. 34)(S.D. Ala. 2005)(Butler, J.); *Dunigan v. Southern Energy Homes, Inc*., Civ. No. 04-0376-WS-M (Doc. 21)(S.D. Ala. 2004)(Steele, J.); *Alexander v. Teledyne Continental Motors*, Civ. No. 03-0311-WS-D (Doc. 26)(S.D. Ala. 2003)(Steele, J.); *Hoven v. Commercial Federal Mortgage Corp*., 2001 WL 228349 (S.D. Ala. 2001)(Pittman, J.); *Tipp v. AmSouth Bank*, 89 F. Supp. 2d 1304 (S.D. Ala. 2000)(Vollmer, J.); *Naef v. Masonite Corp*., 923 F. Supp. 1504 (S.D. Ala. 1996) (Howard, J.); *McLaughlin v. Western Casualty & Surety Co.*, 603 F. Supp. 978 (S.D. Ala. 1985) (Hand, J.).

[4]*E.g., Cox v. Sprung's Transport & Movers, Ltd.*, 407 F. Supp. 2d 754, 756 (D.S.C. 2006) ("That [30-day removal] period must be computed ... from the date a defendant actually receives service.")(internal quotes omitted).

it is uncontroverted that the actual date of service on Hunter's Edge was December 31, 2005.[5]

The defendants next argue that, even if December 31, 2005 is nominally the relevant date for purposes of Section 1446(b), counsel reasonably relied on the state court case action summary in determining the date of service and calculating the time for removal. (Doc. 14 at 1-3; Doc. 19 at 7). This is a curious position, not least because Hunter's Edge admits telling its counsel, prior to removal, that it believed it was served on December 31, 2005. (Doc. 14, Peake Affidavit, ¶ 3). Hunter's Edge argues that it is reasonable to ignore a client's information in favor of a state court notation because clients are often wrong or uncertain about the date of service. (*Id*.). The threshold difficulty is that counsel did *not* ignore the date of service provided by Hunter's Edge; on the contrary, the notice of removal not once but twice declares that "Hunter's Edge was served on December 31, 2005." (Doc. 1 at 1, 9).

At any rate, the defendants have neither identified any legal authority authorizing a defendant to rely on a state court notation in calculating the time for removal[6] nor reconciled their position with those cases holding that the 30-day limitation period is to be strictly

------

[5]For reasons unknown, the "green card" accompanying the certified mailing does not reflect the date of delivery. (Doc. 10, Exhibit B). However, the computer tracking confirmation sheet, unchallenged by the defendants, reflects that Hunter's Edge signed for and accepted delivery at 10:35 a.m. on December 31, 2005. (*Id*., Exhibit C). While unnecessary to the resolution of the pending motion, the Court notes the state clerk's uncontroverted explanation that, upon receipt of an undated green card on January 3, 2006, she supplied that date as the date of service merely as a default entry. (*Id*., Exhibit B).

[6]The defendants emphasize *Hollins v. Department of Corrections*, 191 F.3d 1324 (11th Cir. 1999), but that case involved the failure of the federal electronic docket system to reflect entry of an appealable order. The critical difference between that case and this, of course, is that Hunter's Edge was not dependent on court action to determine when its removal period began but could (and did) rely on its personal knowledge of the salient facts and could (but did not) confirm its personal knowledge through the United States Postal Service. The defendants' other authorities do recognize an "exceptional circumstances" exception to the 30-day rule, but they limit it to instances in which the plaintiff engages in "forum manipulation," as by the deliberate postponement of naming or serving a defendant likely to remove until the removal period has expired. *Brown v. Demco, Inc*., 792 F.2d 478, 482 (5th Cir. 1986); *White v. White*, 32 F. Supp. 2d 890, 893 (W.D. La. 1998). That principle is not remotely implicated here.

construed.[7]  The *Washington* Court has expressly rejected the defendants' position, noting that the responsibility rests squarely on the defendant of "ensuring that the green card has been dated, or even recording the date upon which it was served."  2005 WL 2277419 at *2.[8]  This Court concurs and goes further; in lieu of a dated green card or corporate notation (or memory) of the date served, the defendant's recourse is to inquire of the postal service as to the actual date of service, as the plaintiff did here.  A defendant relies on a state court notation at its peril.

In a related vein, the defendants contend that the purpose of the 30-day limitation on removal is to preclude defendants from trying their luck in state court and removing if they don't like the results, and they insist that this purpose is not in play because removal came only one day late.  (Doc. 19 at 5).  Assuming without deciding that the defendants have correctly isolated the purpose — and the only purpose — of the limitation period, it does not follow that Congress left it to the courts to determine under the facts of each case whether a particular defendant's delay implicates the purpose so as to preclude removal; on the contrary, Congress's establishment of a 30-day period for removal makes such unique determinations both unnecessary and improper.  That the limitation period selected may not perfectly accommodate the supposed purpose behind it scarcely gives this Court license to ignore it.

Invoking Federal Rule of Civil Procedure 1, the defendants next insist that it would be "unjust to prevent Defendant from filing its notice just one day past th[e] deadline."  (Doc. 14 at 3-4).  Their reasoning is that, if Chaney is in fact fraudulently joined, it would be unfair to deprive them of a federal forum based on a procedural technicality.  Rule 1, of course, governs only the construction and application of federal procedural rules, not statutes.  Nor is it easy to

---

[7]*E.g., Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982)("[T]he [30-day] time limitation imposed by § 1446(b) is ... a strictly applied rule of procedure ...."); *Holston v. Carolina Freight Carriers Corp*., 1991 WL 112809 at *3 (6th Cir. 1991)("[A]ny ambiguity regarding the scope of § 1446(b) must be resolved in favor of remand to the state courts."); *see also Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)(the historical narrowness of removal counsels against judicial adoption of a "fairness" exception to the unanimity requirement).

[8]*Cf. Naef v. Masonite Corp*., 923 F. Supp. 1504, 1511 (S.D. Ala. 1996)("[T]he burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.") (internal quotes omitted).

discern the unfairness of holding a defendant to a statutory limitations period when it has both personal knowledge of the date the period was triggered and the means to definitively confirm that date. At any rate, the procedural requirements of the removal system "that some might regard as arbitrary and unfair ... are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Finally, the defendants correctly note that a plaintiff may waive compliance with the 30-day removal limitation. (Doc. 19 at 5). The plaintiff here, however, has not waived compliance but has filed a timely motion to remand on this ground.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This case is **remanded** to the Circuit Court of Clarke County.

DONE and ORDERED this 24th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE